UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ANTHONY SABALLOS,<br>   Plaintiff,<br>  v.<br>CAROLYN W. COLVIN,<br>   Defendant. | Case No. 13-cv-05943-KAW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AUGMENT THE ADMINISTRATIVE RECORD<br><br>Dkt. No. 14 & 16 |

  This action arises from the Social Security Administration's denial of Plaintiff Mario Anthony Saballos's request for Supplemental Security Income benefits.

  On May 16, 2014, Plaintiff filed a motion to augment the administrative record to include a residual functional capacity ("RFC") work restriction questionnaire filled out by Dr. Zulfiqar Ali,[1] M.D., F.A.C.C., dated August 8, 2012. (Pl.'s Mot., Dkt. Nos. 14 & 16.)

  As there is no legal basis for augmenting the administrative record, and the evidence submitted for augmentation, namely Plaintiff's alleged disability, is already substantially in the transcript of proceedings, the Court DENIES Plaintiff's motion for the reasons set forth below.

## I.  DISCUSSION

  Plaintiff claims to be completely disabled and unable to work. After the ALJ issued an unfavorable decision, Plaintiff requested that the Appeals Council consider additional evidence, some of which was admitted into the record. (Def.'s Opp'n, Dkt. No. 15 at 1.) The Appeals Council rejected an RFC work restriction questionnaire, dated August 8, 2012, on the grounds that "[t]he Administrative Law Judge decided your case through June 11, 2012. This new information

---

[1] Plaintiff's motion refers to Dr. Ali as Dr. Zulfiqar, which is Dr. Ali's first name.

1 is about a later time. Therefore, it does not affect the decision whether you were disabled
2 beginning on or before June 11, 2012." AR 2.

3     Plaintiff contends that the questionnaire should be part of the administrative record because Dr. Ali "specifically noted [Plaintiff's] medical limitations related back to March 2007, thus they fall within the relevant time period." (Pl.'s Mot. at 3.) This is not entirely accurate, as a medical record need not be considered unless it offers a retrospective analysis of the plaintiff's impairments, rather than being limited to the severity of his current symptoms. *See Capobres v. Astrue*, CV 1:09-682-REB, 2011 WL 1114256 (D. Idaho Mar. 25, 2011) (The ALJ properly rejected a physician's opinion when she did not "specifically discuss the nature and extent of [the claimant's] limitations in the relevant timeframe. . . . where, as here, [the claimant's] diagnosis is constant, but her symptoms and their severity have changed over time."). Like *Capobres,* the August 2012 RFC questionnaire states that Plaintiff's onset was in March 2007, but does not provide a retrospective analysis of Plaintiff's impairments. *See id.* Nothing in the questionnaire addresses Plaintiff's RFC at any time other than on August 8, 2012, the date of examination. Thus, the Appeals Council properly determined that the RFC questionnaire does not affect the ALJ's decision, which addressed Plaintiff's disability and symptoms on or before June 11, 2012. AR 2.

    Additionally, Dr. Ali's diagnosis of Plaintiff as having congestive heart failure is included in the administrative record. AR 528, 686. Thus, the diagnosis provided in the questionnaire is redundant, and the RFC only shows that Plaintiff's symptoms may have worsened since the ALJ issued his decision. *See* AR 2.

## II.   CONCLUSION

In light of the foregoing, Plaintiff's request to augment the administrative record is DENIED.

IT IS SO ORDERED.

Dated: July 18, 2014

                                            KANDIS A. WESTMORE
                                            United States Magistrate Judge